<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **REVITAL GORODESKI, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**U.S. BANK NATIONAL ASSOCIATION, et al.,**<br><br>**Defendants.** | Civil Action No. 15-2271 (ES) (JAD)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Pending before the Court is the motion to dismiss filed by Mortgage Electronic Registration Systems, Inc. ("MERS"), U.S. Bank National Association ("U.S. Bank"), and Wells Fargo Bank, National Association ("Wells Fargo") (collectively "Defendants"). (D.E. No. 7). The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, the Court GRANTS Defendants' motion to dismiss.

**I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY**

*Pro se* Plaintiffs Revital Gorodeski and Brian Borchers are owners of the property located at 10 Oakwood Drive, Ringwood, New Jersey (the "Property"). (D.E. No. 1, Complaint ("Compl.") ¶ 1). On November 7, 2005, Encore Credit Corporation ("Encore") issued a residential loan (the "Loan") to Plaintiffs for the Property. (*Id.* ¶ 26). On the same day, Plaintiffs executed a note (the "Note") promising to pay Encore in monthly payments. (*Id.* ¶ 27). Also on this date, Plaintiffs executed a mortgage (the "Mortgage") identifying Encore as the lender. (*Id.* ¶ 28).

Plaintiffs allege that, on April 25, 2006, the Note was bundled and sold to investors as a "Mortgage Backed Security, issued by [U.S. Bank], entitled BEAR STEARNS ASSET BACKED

1

SECURITIES I TRUST 2006-IM1" (the "Trust").  (*Id.* ¶ 31).  Accordingly, Plaintiffs assert that "none of the Defendants own [the Loan] or [the Note], and cannot be and are not the Beneficiary under the [Mortgage] . . . and have no right to declare a default, to cause notices of foreclosures sale to issue or be recorded, or to foreclose on" the Property.  (*Id.*).

On May 15, 2009, U.S. Bank filed a foreclosure complaint against Plaintiffs for failure to make payments on the Loan.  (D.E. No. 7, Brief in Support of Defendants' Motion to Dismiss ("Def. Mov. Br.") at 4).

On March 30, 2015, Plaintiffs filed the instant Complaint.[1]  (D.E. No. 1).  Specifically, the Complaint contains thirteen counts: (1) declaratory relief; (2) injunctive relief; (3) quiet title; (4) negligence per se; (5) accounting; (6) breach of the covenant of good faith and fair dealing; (7) breach of fiduciary duty; (8) wrongful foreclosure; (9) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607; (10) violation of the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; (11) fraud in the concealment; (12) intentional infliction of emotional distress; and (13) slander of title.  (*Id.*  ¶¶ 158-281).

On June 1, 2015, Defendants filed the instant motion to dismiss.  (D.E. No. 7).  Defendants assert that Plaintiffs action is barred by the pending state court foreclosure action.  (Def. Mov. Br. at 10-16).  Furthermore, Defendants assert that the Complaint should be dismissed for Plaintiffs' failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*Id.* at 16-38).

On June 19, 2015, Plaintiffs filed a brief in opposition to Defendants motion to dismiss.  (D.E. No. 12, Plaintiffs' Response to Motion ("Pl. Opp. Br.")).  Plaintiffs assert that the Court should grant leave to amend the Complaint so that Plaintiffs can allege sufficient facts. (*Id.* at 2-

---

[1] The Complaint is strikingly similar to other complaints filed in the District of New Jersey. Aside from the names of the parties and dates regarding the Note and Mortgage, the Complaint is nearly identical to the complaints filed in at least three other cases before the Undersigned and numerous cases before other District Court Judges in this District.

3). Furthermore, in response to Defendants contention that the instant action is barred by the state court foreclosure action, Plaintiffs contend that at the advice of counsel, they did not answer the complaint in the foreclosure proceeding, and are now seeking to vacate the state court judgment. (*Id.* at 3). The motion is now ripe for adjudication.

## II.     JURISDICTION

Before addressing the merits, the Court must determine whether subject matter jurisdiction is proper. Plaintiffs allege that subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332 because Plaintiffs are residents of New Jersey, "Defendants are business entities organized in a state or jurisdiction other than New Jersey," and the amount in controversy exceeds $75,000. (Compl. ¶¶ 13-15). The Court concludes that these allegations are sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the pleading standard of Rule 8 does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In addition, the plaintiff's "short and plain statement of the claim" must "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin

to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In evaluating the sufficiency of a complaint, a court "must accept all well-pleaded allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Furthermore, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Porher*, 363 F.3d 229, 235 (3d Cir. 2004)).

The Court also notes that pleadings submitted by *pro se* litigants are subject to liberal construction. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). The Court is required to accept a *pro se* plaintiff's well-pleaded factual allegations as true while drawing reasonable inferences in his or her favor. *Capogrosso v. Sup.Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009). However, a *pro se* complaint must still contain sufficient factual matter to state a claim to relief that is plausible on its face. *See Franklin v. GMAC Mortgage*, 523 F. App'x 172, 173 (3d Cir. 2013).

**IV.   DISCUSSION**

    **A.   Plaintiffs' Claims are Not Barred by the State Court Foreclosure Action**

Defendants contend that Plaintiffs' claims are barred by the state court foreclosure action. (Def. Mov. Br. at 10-16). In particular, Defendants contend that Plaintiffs' claims are barred by

4

the Younger abstention doctrine, (*id.* at 11-12), and the Entire Controversy Doctrine, (*id.* at 12-16). The Court will address each argument in turn.

Pursuant to the Supreme Court's decision in *Younger v. Harris*, a "district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005) (citing *Younger v. Harris*, 401 U.S. 37, 91 (1971)). However, in 2013, the Supreme Court limited *Younger* abstention to three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013). District Courts have routinely found that foreclosure proceedings do not fall within these three categories, and have declined to apply *Younger* abstention to state court foreclosure proceedings. *See Sheldrick v. Wells Fargo Bank, N.A.*, 15-5332, 2015 WL 5098180, at *2 (D.N.J. Aug. 31, 2015) (declining to apply *Younger* in light of state foreclosure proceeding); *Hernandez v. Fed. Nat'l Mortgage Ass'n,* No. 14–7950, 2015 WL 3386126, at *2 (D.N.J. May 26, 2015) (collecting cases and declining to apply *Younger* abstention in light of pending state foreclosure proceeding). Accordingly, the Court declines to apply *Younger* abstention in the instant matter.

Next, Defendants contend that the Court should refrain from hearing the matter under New Jersey's Entire Controversy Doctrine. Under the Entire Controversy Doctrine, parties must litigate all possible claims arising out of a series of events in a single action. *Fields v. Thompson Printing Co., Inc.*, 363 F.3d 259, 265 (3d Cir. 2004). But, "the Entire Controversy Doctrine does not preclude the initiation of a second litigation before the first action has been concluded." *Rycoline*

5

*Products, Inc. v. C & W Unlimited*, 109 F.3d 883, 889 (3d Cir. 1997); *see also DeHart v. U.S. Bank, N.A. ND*, 811 F. Supp. 2d 1038, 1045 (D.N.J. 2011). Defendants have conceded that the state foreclosure proceeding is still pending. (Def. Mov. Br. at 11). Accordingly, the Court declines to apply the Entire Controversy Doctrine while the state foreclosure proceeding is still pending.

   **B.**  **Plaintiffs Failed to State a Claim**

Next, Defendants contend that the Court should dismiss the Complaint for Plaintiffs' failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court agrees.

    1. Count One (Declaratory Relief)

Pursuant to Count One, Plaintiffs seek a "judicial determination" as to whether: (1) Defendants are the holders of the Note; (2) Defendants are the legal mortgagees and/or beneficiary under the Mortgage; (3) Defendants have lost money on the Loan; (4) the Trust has lost money on the Loan; (5) Encore has been paid in full; (6) Defendants have complied with New Jersey Civil Codes regarding mortgages; and (7) whether U.S. Bank lawfully transferred its beneficiary interest in the Note and Mortgage. (Compl. ¶ 162).

The Declaratory Judgment Act provides that, "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Before entering a declaratory judgment, "[t]here must be a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1170 (3d Cir. 1987). "The fundamental test is whether the plaintiff seeks merely advice or whether a real question of conflicting legal interests is presented for judicial determination." (*Id.*).

Here, Plaintiffs' claims for declaratory relief arise of the allegation that Defendants do not have the right to institute foreclosure because the Mortgage was improperly assigned and securitized. However, a borrower does not have standing to allege that an assignment between two third parties is invalid. *See Hernandez v. Fed. Nat. Mortgage Ass'n*, No. 14-7950, 2015 WL 3386126, at *3 (D.N.J. May 26, 2015); *Oliver v. Bank of Am., N.A.*, No. 13-4888, 2014 WL 1429605, at *3 (D.N.J. Apr. 14, 2014). Without standing, there are no "real questions of conflicting legal interests" presented to the Court. Indeed, if the Court were to issue a declaratory judgment, it would merely be providing an advisory opinion. Accordingly, the Court dismisses Count One of Plaintiffs' Complaint *without prejudice.*

      2. Count Two (Injunctive Relief)

Count Two of the Complaint seeks to enjoin Defendants from selling the subject property. (Compl. ¶ 172). Federal Rule of Civil Procedure 65 allows district courts to grant injunctive relief in the form of temporary restraints. Fed. R. Civ. P. 65. "[I]njunctive relief is "an extraordinary remedy . . . which should be granted only in limited circumstances." *AT&T v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). But, injunctive relief is just a remedy, it is not a claim upon which relief can be granted. *See Funa v. Pepperidge Farm, Inc.*, No. 07-1743, 2011 WL 891242, at *4 (W.D. Pa. Mar. 11, 2011) ("Because a request for **injunctive relief** is just that—a request for relief—it is **not a *claim*** upon which relief can be granted."). Accordingly, Plaintiffs cannot sustain an independent claim for injunctive relief.

To the extent that Plaintiffs are seeking injunctive relief based upon the other Counts contained in the Complaint, the Court denies such relief. For a court to grant injunctive relief, a party must demonstrate: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater

7

harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

Here, Plaintiffs failed establish likelihood of success on the merits. The undisputed facts do not support Plaintiffs' requested relief. Plaintiffs do not dispute that he executed the Note, (Compl. ¶ 31), thus establishing the creation of debt. Plaintiffs have not alleged that he has paid the note in full, or that the loan is not in default. Accordingly, Plaintiffs have failed to establish likelihood of success on the merits. The Court hereby grants Defendants' motion to dismiss Count Two *without prejudice.*

### 3. Count Three (Quiet Title)

Count Three of the Complaint seeks a "judicial declaration quieting title to the Subject Property in favor of the Plaintiff." (Compl. ¶ 178). Pleading requirements for quiet title are established by the state's quiet title statute. *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 259 (3d Cir. 2002). According to New Jersey law, a complaint seeking quiet title "shall state the manner in which plaintiff either acquired title or the right to possession and shall describe the property with such certainty that the defendant will be distinctly apprised of its location or character." N.J. Ct. R. R. 4:62-1. Furthermore,

> [a]ny person in the peaceable possession of the lands in the state and claiming ownership thereof, may, when his title thereto, or any part thereof, is denied or disputed, or any other person claims or is claimed to own the same, . . . and when no action is pending to enforce or test the validity of such title, . . . maintain an action in the superior court to settle the title . . . to clear up doubts and disputes

N.J.S.A. 2A:62-1. Accordingly, a plaintiff must describe the nature of the competing claims and allege facts demonstrating that the defendant's claim to the property is wrongful. *English v. Fed. Nat. Mortgage Ass'n*, No. 13-2028, 2013 WL 6188572, at *3 (D.N.J. Nov. 26, 2013).

Here, Plaintiffs' Complaint contains nothing more than conclusory assertions that Plaintiffs' interest is superior to that Defendants' interest in the Property. (*See* Compl. ¶ 177). Conclusory allegations regarding the Loan, the transfer of interest in the Note, or the illegal assignment of the Mortgage are not sufficient to establish quiet title. *See Reyes v. Governmental Nat'l Mortg. Ass'n*, No. 15-64, 2015 WL 2448962, at *3 (D.N.J. May 21, 2015). Plaintiffs fail to allege any facts demonstrating the invalidity of the Note, Mortgage, or assignments, or that the Note has been paid in full as to "clear up all doubts and disputes concerning" claims to the Subject Property. N.J.S.A. 2A:62-1. Accordingly, the Court dismisses Count Three *without prejudice.*

    4. Counts Four and Seven (Negligence Per Se & Breach of Fiduciary Duty)

In order to establish a common law negligence claim under New Jersey law, a plaintiff must prove: "(1) duty of care; (2) breach of that duty; (3) proximate cause; and (4) damages. *Polzo v. County of Essex*, 196 N.J. 569, 584 (2008) (establishing standard for negligence). In order to assert a negligence per se claim, the plaintiff must establish that the defendant violated a statute that was designed to protect a class of individuals to whom the plaintiff belonged. *See Cordy v. Sherwin Williams Co.*, 975 F. Supp. 639, 646 (D.N.J. 1997). In order to establish a claim for breach of fiduciary duty, a plaintiff must show that: (1) the defendant had a duty to the plaintiff, (2) the duty was breached, (3) injury to plaintiff occurred as a result of the breach, and (4) the defendant caused that injury." *Goodman v. Goldman, Sachs & Co.*, No. 10-1247 2010 WL 5186180, at *10 (D.N.J. Dec. 14, 2010).

Here, Plaintiffs' allegations, fail to state a cause of action for negligence per se or breach of fiduciary duty. Indeed, "[i]t is well established that a bank does not owe a legal duty to a borrower." *Galayda v. Wachovia Mortg. FSB*, No. 10-1065, 2010 WL 5392743, at *13 (D.N.J. Dec. 22, 2010). Thus, Plaintiffs' conclusory allegations that Defendants "acquire[d] a duty of care

9

towards the Plaintiff" and "breached that duty," (Compl. ¶¶ 200, 201), are insufficient to establish a duty of care under either negligence per se or breach of fiduciary duty. Accordingly, the Court dismisses Counts Four and Seven *without prejudice*.

       5.   Count Five (Accounting)

Under Count Five of the Complaint, Plaintiffs assert that since Wells Fargo sold the Note "without endorsing the NOTE and without making and recording an assignment . . . Plaintiffs have been making improper mortgage payments to Defendants." (*Id.* ¶ 187). Based on this allegation, Plaintiffs are seeking an accounting.

However, Plaintiffs fail to allege the existence of any contract or provision that entitles them to an accounting. Nor do Plaintiffs contest that they were obligated to repay the Loan. Accordingly, Plaintiffs failed to establish a claim for an accounting. *See Gonzalez v. U.S. Bank Nat. Ass'n*, No. 14-7855, 2015 WL 3648984, at *6 (D.N.J. June 11, 2015); *see also Tolia v. Dunkin Brands*, No. 11-3656, 2011 WL 6132102, at *6 n.5 (D.N.J. Oct. 7, 2011) (stating that an accounting is a remedy, rather than a separate cause of action). The Court dismisses Count Five *without prejudice.*

       6.   Count Six (Breach of Covenant of Good Faith and Fair Dealing)

Count Six of the Complaint asserts a claim under the implied covenant of good faith and fair dealing. (*Id.* ¶¶ 191-197). According to Plaintiffs, the covenant "prohibited Defendants from activities interfering with or contrary to the rights of Plaintiffs," (*id.* ¶ 193), and that "the commencement of foreclosure proceeding upon the Subject Property without the production of documents demonstrating the lawful rights for the foreclosure constitutes a breach of the covenant," (*id.* ¶ 194).

In New Jersey, "the covenant of good faith and fair dealing calls for parties to a contract to refrain from doing 'anything which will have the effect of destroying or injuring the right of the other party to receive' the benefits of the contract." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Associates*, 182 N.J. 210, 224-25 (2005). Accordingly, a plaintiff may be entitled to relief if "its reasonable expectations are destroyed when a defendant acts with ill motives and without any legitimate purpose." *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 267 (3d Cir. 2008).

Here, Plaintiffs merely allege that the foreclosure proceeding constitutes a breach of the covenant. (*Id.* ¶ 194). This conclusory allegation does not express what reasonable expectations Plaintiffs had. Furthermore, Plaintiffs fail to allege how Defendants acted "with ill motives and without any legitimate purpose." (*Id.*). Accordingly, Count Six is dismissed *without prejudice.*

7. Count Eight (Wrongful Foreclosure)

In Count Eight of the complaint, Plaintiff asserts a claim for wrongful foreclosure. Plaintiffs do not, however, cite to any statute or case law that supports a claim for wrongful foreclosure. Moreover, the Court is unaware of any such independent claim under New Jersey state law. Accordingly, the Court grants Defendants' motion to dismiss Count Eight *without prejudice.*

8. Counts Nine and Ten (RESPA and HOEPA)

Plaintiffs bring causes of action alleging a RESPA violation under 12 U.S.C. § 2607 and a HOEPA violation under 15 U.S.C. § 1639. (*Id.* ¶ 218-237). Plaintiffs assert that Wells Fargo and U.S. Bank are subject to the terms of RESPA and that Defendants violated RESPA by "accept[ing] charges for the rendering of real estate services which were in fact charges for other than services actually performed." (*Id.* ¶ 220). Furthermore, Plaintiffs assert that Defendants violated HOEPA by failing to disclose that he could lose his home if failed to meet his financial

obligations under the loan, and by "extending credit to Plaintiff without regard to his ability to pay." (*Id.* ¶ 228).

Claims for violation of RESPA under § 2607 are governed by a one-year statute of limitations. 12 U.S.C. § 2614. Claims for rescission pursuant to HOEPA under § 1639 are governed by a three-year statute of limitation. 15 U.S.C. § 1635(f). Under these statutes of limitation, Plaintiffs' RESPA and HOEPA claims are time-barred. Plaintiffs filed the Complaint on March 30, 2015. (D.E. No. 1). The Loan originated on November 7, 2005. Accordingly, Plaintiffs' claim exceeds the respective one-year and three-year statute of limitations under RESPA and HOEPA. As such, the Court dismisses Counts Nine and Ten *with prejudice.*

9. Count Eleven (Fraud in the Concealment)

Plaintiffs assert that Defendants committed fraud by concealing the fact that the Loan was securitized. (Compl. ¶ 239). Pursuant to Federal Rule of Civil Procedure 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) requires a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon its to his damage." *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 284 (3d Cir. 1992).

Here, Plaintiffs fail to allege that Defendants made a specific misrepresentation of fact. Nor do Plaintiffs allege how the facts were concealed or whether Defendants had a duty to disclose their intent to securitize the Loan. *See Gonzalez v. U.S. Bank Nat. Ass'n*, No.14-7855, 2015 WL 3648984, at *10 (D.N.J. June 11, 2015) (dismissing plaintiff's fraud claim where there was no allegation of an affirmative misrepresentation or indication of how the facts were concealed).

Accordingly, Plaintiffs fail to allege fraud, and the Court dismisses Count Eleven *without prejudice.*

### 11. Count Twelve (Intentional Infliction of Emotion Distress)

To establish a claim for intentional infliction of emotional distress, a plaintiff must plead "intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Taylor v. Metzger*, 152 N.J. 490, 509 (1998). The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Buckley v. Trenton Saving Fund Soc.*, 111 N.J. 355, 366 (1988). Courts have found outrageous conduct only in extreme cases. *See Griffin v. Tops Appliance City, Inc.*, 766 A.2d 292, 296 (N.J. Super. Ct. App. Div. 2001).

Here, Plaintiffs fail to establish a claim for intentional infliction of emotional distress. Plaintiffs assert that Defendants' actions have led to Plaintiffs being threatened with loss of the Property, and that Defendants' attempt to foreclose on the Property "is so outrageous and extreme that it exceeds all bounds which is usually tolerated in a civilized community." (Compl. ¶ 259). However, attempting to collect a debt does not rise to a level of outrageous conduct, especially under New Jersey's high bar for outrageous behavior. *See Gonzalez*, 2015 WL 3648984, at *11; *Fogarty v. Household Fin. Corp. III*, No. 14–4525, 2015 WL 852071, at *17 (D.N.J. Feb.2 5, 2015); *Francis v. TD Bank, N.A.*, No. 12–7753, 2013 WL 4675398, at *7 (D.N.J. Aug.30, 2013), *aff'd*, 597 F. App'x 58 (3d Cir. 2014). Accordingly, the Court dismisses Count Twelve *without prejudice*.

12. Count Thirteen (Slander of Title)

To assert a claim for slander of title, a plaintiff must establish that the defendant "falsely published an assertion concerning plaintiff's title which caused special damages to the plaintiff and that defendant acted out of malice." *Stewart Title Guar. Co. v. Greenlands Realty, LLC.*, 58 F. Supp. 2d 370, 388 (D.N.J. 1999) (quoting *Lone v. Brown,* 489 A.2d 1192, 1195 (1985)). Plaintiffs assert that Defendants "disparaged Plaintiffs' exclusive valid title by and through the preparing, posting, publishing, and recording of the . . . Notice of Default, Notice of Trustee's Sale, Trustee's Deed and the documents evidencing the commencement of judicial foreclosure by a party who does not possess that right." (*Id.* ¶ 269). However, the Complaint fails describe or allege what that the published documents are or the defamatory statements that were contained in the published documents. Accordingly, Plaintiffs' conclusory allegations that Defendants "disparaged Plaintiff's exclusive valid title" fails to state a claim. *See Coleman v. Deutsche Bank Nat'l Trust Co.,* No. 15–1080, 2015 WL 2226022, at *6 (D.N.J. May 12, 2015) (dismissing slander of title claim based on conclusory allegation that "disparaged Plaintiff's exclusive valid title"); *Andujar v. Deutsche Bank Nat. Trust Co.*, No. 14-7836, 2015 WL 4094637, at *12 (D.N.J. July 7, 2015) (same). As such, Count Thirteen is dismissed *without prejudice*.

**V. CONCLUSION**

Accordingly, the Court grants Defendants' motion to dismiss Counts One, Two, Three, Four, Five, Six, Seven, Eight, Eleven, Twelve, and Thirteen *without prejudice*. The Court also grants Defendants' motion to dismiss Counts Nine and Ten *with prejudice.* An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**